McFadden, Presiding Judge, dissenting.
The majority withholds the deference to which the trial court is entitled. And the majority declares, contrary to law, that a defendant whose consent was in fact secured by intimidation may not be found to have been intimidated if-in the opinion of the appellate court-a reasonable person would not have been intimidated. So I respectfully dissent.
About intimidation, appellee Baddeley testified at the suppression hearing that after initially declining the blood test, he changed his mind "when [the trooper] come into the room and he said if I didn't consent to the blood test, then, he was going to yank my license.... I did feel intimidated, very intimidated because by his body language and the way he was looking at me, you know." Baddeley reiterated in subsequent testimony that he changed his initial refusal to take the blood test because he "felt intimidated" by the trooper's "body language" and that the trooper's exact words were that if he did not consent to the test then his driver's "license would be yanked as of then."
At the conclusion of the hearing, the trial court announced that he found Baddeley's testimony persuasive. He found" that Mr. Baddeley felt that he was intimidated or coerced into taking the blood test." In the subsequent and order granting the motion, the trial court noted that he had heard "the testimony of all witnesses as to the facts, both disputed and undisputed," and found under the totality of the circumstances "that [Baddeley] was intimidated and coerced into *378 changing his mind and that his agreement to take the state test was not voluntary or actual consent."
We must review those findings deferentially, under the clearly erroneous standard, which is equivalent to the any evidence standard.
At a hearing on a motion to suppress, the trial judge sits as the trier of fact. On appeal from the grant or denial of such a motion, therefore, this [c]ourt must construe the evidence most favorably to uphold the findings and judgment of the trial court, and that court's findings as to disputed facts and credibility must be adopted unless clearly erroneous. [Moreover,] we owe substantial deference to the way in which the trial court resolved disputed questions of material fact[.]
Csehy v. State , 346 Ga. App. 747, 747-748, 816 S.E.2d 833 (2018) (citations and punctuation omitted). Accord Bergstrom v. State , 347 Ga. App. 295, 819 S.E.2d 84 (2018) (on appeal from a ruling on a motion to suppress, we must defer to the trial court's factual findings and credibility determinations).
But the majority does not defer to the trial court's findings as to disputed facts and credibility determinations. Rather, the majority holds that the trial court's findings fail because, in summarizing Baddeley's testimony, the trial court wrote, "He testified that the Trooper's demeanor changed when he refused, and that he was intimidated by the Trooper." According to the majority, "the trial court's finding that 'the Trooper's demeanor changed ...' is wholly unsupported by the record and therefore clearly erroneous."
I disagree. Construed most favorably to uphold the trial court's findings and judgment, Csehy , supra, the evidence showed that Baddeley was lying in a hospital bed when the trooper first requested that he submit to the test and informed him that his license would be suspended if he refused; that Baddeley nevertheless refused the trooper's first request that he submit to the test; that the trooper then left the hospital room and returned a few minutes later with a license suspension form, telling Baddeley that his license would immediately be "yanked" if he did not consent to the test; and that Baddeley then changed his initial refusal and acquiesced to the test because he felt intimidated by the trooper. Contrary to the majority's finding, it is certainly a reasonable interpretation of that evidence that the trooper's demeanor was different when he returned to the hospital room with the license suspension form.
More fundamentally, the trial court did not actually make a factual finding that the trooper's demeanor changed. Rather, the trial court was merely summarizing Baddeley's testimony when he referenced the change in demeanor. The trial court labeled his material factual findings explicitly: "The court finds that the defendant was intimidated and coerced into changing his mind and that his agreement to take the state test was not voluntary or actual consent." Because these controlling findings were unquestionably supported by some evidence, including Baddeley's testimony, we must defer to the court's findings and adopt them on appeal.
The majority also holds, "[t]he test is objective: 'the court should consider whether a reasonable person would feel free to decline the officers' request to search or otherwise terminate the encounter.' " (quoting State v. Young , 339 Ga. App. 306, 311, 793 S.E.2d 186 (2016) and citing Florida v. Jimeno , 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991) ).
The language the majority quotes is unexceptionable. A factfinder certainly should consider how a reasonable person might feel. But the majority mistakenly holds that an objective, reasonable-person test is dispositive. That is not the law. The cases the majority cites do not so hold. State v. Young does not address a claim that the defendant was actually intimidated. And Florida v. Jimeno addresses the scope of a suspect's consent. The issue to be decided in cases like the one before us is not how a hypothetical reasonable person might feel. Rather, it is to determine whether, under the totality of the circumstances, the officer used fear, intimidation, or threats to obtain consent from the individual defendant before the court.
*379 State v. Clay , 339 Ga. App. 473, 475, 793 S.E.2d 636 (2016).
Another factfinder might well have discounted Baddeley's testimony about the trooper's intimidation. But the trial judge who heard him testify found it credible. And we are bound to defer to that finding. So we must affirm the trial court's judgment.